1  ROBERT S. SHWARTS (STATE BAR NO. 196803)
   rshwarts@orrick.com
2  JAMES E. THOMPSON (STATE BAR NO. 240979)
   jthompson@orrick.com
3  LAUREN M. KESSLER (STATE BAR NO. 317834)
   lkessler@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
7
   Attorneys for Plaintiffs
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

13

JIAXING SUPER LIGHTING ELECTRIC         Case No. 18-cv-05091
14  APPLIANCE CO., LTD. AND GREEN DEAL
   LTD.                                  **COMPLAINT FOR BREACH OF**
15                                       **CONTRACT AND JURY DEMAND**
                Plaintiffs,
16
          v.
17
   LUNERA LIGHTING, INC.
18
                Defendants.
19

20

21
        Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. ("Super Lighting") and
22
   Green Deal Ltd. ("Green Deal") (jointly "Plaintiffs") hereby allege against Lunera Lighting, Inc.
23
   ("Lunera") (collectively, ("the Parties")) and complain as follows:
24
   I.     **INTRODUCTION**
25
        Super Lighting and Green Deal bring this action for claims arising out of a Purchase and
26
   Development Agreement (the "Agreement")[1] executed on November 15, 2016 by Super Lighting
27

28
   ─────────────────
   [1] The Agreement is attached hereto as Exhibit A, and incorporated by reference.

and Lunera.  The Agreement outlined the terms for Lunera to order lighting products from Super Lighting.  Consistent with the Agreement, Lunera submitted purchase orders to Super Lighting via Green Deal, who acted as Super Lighting's agent, Super Lighting manufactured the products, and Green Deal handled the logistics and shipped the products to Lunera.  In late 2017, however, Lunera stopped paying for these deliveries.  Lunera acknowledged its violation of the Agreement and requested accommodation from Super Lighting, including asking for a revised payment schedule and additional time to pay.  Super Lighting agreed to these accommodations, but Lunera failed to comply with its own proposed terms, or otherwise remedy its delinquencies.  Lunera currently owes $9,658,766.43 in unpaid invoices, all of which are past-due per the Agreement.  In addition, because of several orders Lunera improperly cancelled (or the equivalent thereof) under the Agreement, Super Lighting currently maintains $3,253,076.77 in inventory (a combination of finished goods ($1,384,501.28), unfinished goods ($47,526.50), and raw materials ($1,821,048.99) for Lunera) that it is unable to use or sell to other customers.

## II.   **PARTIES**

1.     Plaintiff JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD is a lighting manufacturer organized in China and with its principal office at No. 1288, Jiachuang Road, Xiuzhou Area, Jiaxing City, Zhejiang Province, China.

2.     Plaintiff GREEN DEAL, LTD. is a shipping company organized in Hong Kong and with its principal office located at Flat 11B, Foo Cheong Bldg., 82-86 Wing Lok Street, Sheung Wan, Hong Kong Special Administrative Region, China.

3.     Plaintiffs are informed and believe, and on that basis allege that Defendant LUNERA LIGHTING, INC. is incorporated in Delaware with its principal office located at 1615 Wyatt Drive, Santa Clara, CA 95054.

## III.   **JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over Plaintiffs' claims because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between a citizen of a State and citizens or subjects of a foreign State.  *See* 28 U.S.C. § 1332(a)(2).

5.      This Court has personal jurisdiction over Lunera because it has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district, including by maintaining its principal place of business in Santa Clara, California.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Lunera's principal place of business is within this judicial district.

## IV.   FACTUAL ALLEGATIONS

### A.   Background on Super Lighting, Green Deal, and Lunera

7.      Super Lighting specializes in researching, designing, manufacturing, and marketing lighting solutions.

8.      Lunera is a distributor of its own branded lighting products.  Lunera purchases products from manufacturers such as Super Lighting, brands them, and resells them to retail lighting distributors.

9.      Green Deal is a longstanding agent of Super Lighting and provides shipping and logistics services to Super Lighting, among other things.

### B.   Agreement Between Super Lighting and Lunera

10.     On November 15, 2016, Lunera and Super Lighting signed the Agreement establishing the protocol for Lunera to order, and Super Lighting to manufacture and deliver products.  *See* Exhibit A.

11.     The Agreement was to last for two years, starting November 15, 2016, and to be automatically renewed in successive one year terms, unless a party provided timely, written notice that it did not wish to renew.

12.     Pursuant to the Agreement, Super Lighting agreed to accept purchase orders from Lunera and sell it the corresponding products, and Lunera agreed to pay the contractually agreed to price.

13.     Purchase orders were to be initiated by Lunera in written or electronic form and state the product being ordered, the quantity requested, the applicable price, shipping instructions and requested delivery dates.  Super Lighting was to deliver the products in accordance with the purchase orders that were accepted.  *See* Ex. A, Section 3.2.

14.     Lunera agreed to pay Super Lighting the contractually agreed to amount "for each conforming, non-defective unit of Product delivered by Super Lighting to Lunera."  Lunera agreed to pay the "purchase price within 60 days following the later of (a) the shipment of Products and (b) Lunera's receipt of an invoice for the order."  *See* Ex. A, Section 4.1.

15.     The Agreement allows a party to terminate the Agreement for cause if "there is a material failure of the other party to perform its obligations under the Agreement and if such failure is not cured within thirty (30) days after written notice."  *See* Ex. A, Section 11.2.

C.      **Green Deal Operates on Behalf of Super Lighting as its Agent**

16.     Following execution of the Agreement, Super Lighting sought to have Green Deal provide the shipping and logistic services necessary to fulfill the purchase orders submitted by Lunera, and to act as its agent in doing so.  Green Deal agreed to take on this role and was to be compensated.

17.     Super Lighting advised Lunera of its relationship with Green Deal and Lunera agreed that Green Deal should provide the shipping and logistics services for the purchase orders issued pursuant to the Agreement.  This included, among other things, Lunera submitting the purchase orders directly to Green Deal, Green Deal issuing the corresponding bills of lading and invoices, Green Deal physically shipping the product, and Lunera making payments to Green Deal.  Lunera acted in accordance with this understanding throughout the relationship.

18.     In the documentation, Green Deal specified that it was "acting as agent and on behalf of Super Lighting."

D.      **Lunera Repeatedly Fails to Make Payments Pursuant to the Agreement Despite Super Lighting's Attempts to Accommodate It**

19.     The Parties worked together pursuant to the November 2016 Agreement for several months without issue.  Green Deal received purchase orders from Lunera, Super Lighting manufactured the corresponding products, Green Deal shipped the products to Lunera on behalf of Super Lighting, and Lunera paid Green Deal the contractually agreed to amount.

20.     By the end of 2017, however, problems had arisen.  Lunera began to miss payments for goods that had been delivered.  Super Lighting promptly notified Lunera of the

1   overdue payments and corresponding breach of the Agreement, and Lunera vowed to remedy the
2   situation.

3       21.    For the next several months, Lunera repeatedly promised to rectify the situation by
4   paying the amount past-due under the Agreement.  Super Lighting made every effort to
5   accommodate Lunera, but Lunera never ultimately lived up to its promises and was never able to
6   remedy its delinquencies.

7       22.    For example, by February 11, 2018, Lunera already owed Plaintiffs more than $11
8   million dollars in outstanding invoices.  Lunera acknowledged its "poor on time payment," and
9   asked Super Lighting for its "support to maintain normal business operations at Lunera."  Lunera
10  said the problem was temporary and expected to receive additional funding "in May, [or at the]
11  latest June," which would allow it to pay the delinquent amounts and move forward as
12  contemplated by the Agreement.

13      23.    In response, Plaintiffs agreed to work with Lunera to help it remedy its breach.

14      24.    On March 8, 2018, Lunera proposed a payment plan for paying off the admittedly
15  delinquent amounts – agreeing to pay $11,900,000 towards the outstanding, past-due invoices.
16  Lunera noted that it was "tight on Cash through April" and proposed paying: $200,000 on April
17  11th, 18th, and 25th; $500,000 on May 2nd and 9th; $700,000 on May 16th and 23rd; $800,000
18  on May 30th; $900,000 on June 6th, 13th, 20th, 27th and July 4th; and $1.2 million on July 11th,
19  18th, and 25th 2018.  This was in addition to payment for any new orders that Lunera might
20  place.  Indeed, Lunera pleaded with Super Lighting to continue shipping new products while it
21  was paying off these past-due amounts, suggesting that if Super Lighting did not, Lunera would
22  not be able to generate the revenues needed to pay off the debt.  Lunera agreed to prepay for any
23  shipments or new orders going forward.

24      25.    Plaintiffs agreed to this payment plan as an accommodation to Lunera and in an
25  effort to recover monies owed.  Plaintiffs also agreed to continue accepting new purchase orders
26  from Lunera based upon Lunera's representations.

27      26.    By the end of April, however, Lunera had already defaulted on its own proposed
28  payment plan.  On April 25th, Lunera advised that it needed another week to make the $200,000

payment, and was not even sure how much it could ultimately pay.  Once again, Lunera threatened that it would be "shut down" if Super Lighting and Green Deal did not continue to ship product.

27.     Over the next month, Plaintiffs continued to work with Lunera to try to resolve Lunera's breach of the Agreement, but to no avail.  On May 29, 2018, Super Lighting advised Lunera that it had more than $10 million in outstanding, past-due invoices.  In addition, Super Lighting reiterated that it had incurred significant additional losses due to the inventory it was holding for orders that Lunera had placed but improperly cancelled (or the equivalent thereof), and because it was unable to invest the money Lunera owed in more profitable endeavors.  Super Lighting notified Lunera it would not be able to accept further changes to the payment terms and requested full payment of all outstanding past-due invoices in two weeks commencing from that date.

28.     In response to Super Lighting's May 29, 2018 correspondence, "Lunera acknowledge[d] the past due and the payment plan submitted," and indicated that "starting next week" it "would begin to provide a weekly payment of $100,000 USD to exclusively go towards the past due's owed."  Lunera provided no further clarity as to the how it would pay off the delinquent amounts, where it would get the money to do so, or otherwise demonstrate its ability to cure its breach of the Agreement.

29.     In light of Lunera's repeated failure to pay outstanding invoices, Super Lighting issued notice of termination of the Agreement on July 20, 2018, giving Lunera thirty (30) days to cure pursuant to Section 11.2.1.

30.     Lunera failed to cure these deficiencies within thirty (30) days of Super Lighting's notice.  Accordingly, pursuant to Section 11.2.1, Super Lighting terminated the Agreement.

31.     As of the filing of this complaint, Lunera owes $9,658,766.43 to Super Lighting and Green Deal for outstanding past-due invoices. For a full breakdown of all the invoices and monies owed, please see Exhibit B attached hereto.

32.     Lunera has also placed orders totaling an additional $337,110.00 that will be due after the filing of this complaint.  *See* Exhibit C.

E.     **Lunera Improperly Cancelled Orders Before the Product Could Be Shipped**

33.     In addition to failing to pay for delivered goods, Lunera also cancelled (or the equivalent thereof) several purchase orders—after Super Lighting had already begun filling them—in violation of the Agreement.  As a result, Super Lighting currently has $3,253,076.77 in inventory that it is unable to use or resell.

34.     The products Super Lighting was manufacturing to satisfy Lunera's purchase orders were at various stages of the manufacturing process at the time they were cancelled.  Some were finished goods, others were semi-finished goods, and for some, Super Lighting had only purchased the materials that would ultimately be used in the end products.

35.     Super Lighting has made efforts to use and/or sell these goods and materials, but has been unable to do so.

## CAUSE OF ACTION

### BREACH OF CONTRACT

36.     Plaintiffs reallege paragraphs 1 through 35 of the Complaint and incorporates the same by reference as though fully set forth herein.

37.     Through the Agreement, Super Lighting and Lunera entered into a valid, binding contract for Lunera to purchase lighting products from Super Lighting.

38.     Super Lighting and Green Deal have performed all of their obligations under the contract by accepting purchase orders from Lunera, manufacturing the products that were requested, and delivering them to Lunera (except for those improperly cancelled prior to delivery).

39.     Lunera breached the Agreement by failing to pay for the products Super Lighting and Green Deal delivered, a portion of which was to compensate Green Deal for its shipping and logistics services, and the remainder of which was to go to Super Lighting.  The outstanding past-due invoices under the Agreement total $9,658,766.43.   Lunera has also placed orders totaling an additional $337,110.00 that will be due after the filing of this complaint.

40.     Lunera also breached the Agreement by improperly cancelling orders (or the equivalent thereof) in violation of the Agreement.  As a result, Super Lighting currently has

$ 3,253,076.77 in inventory that it is unable to sell or otherwise use.

41.    Because both Super Lighting and Green Deal are unable to share the proceeds from this Agreement due to Lunera's breach, both have suffered damages.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.  Compensatory damages against Defendant in an amount to be determined at trial;

2.  Attorney fees and the costs of suit incurred herein; and

3.  Any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Dated: August 20, 2018

ROBERT S. SHWARTS
JAMES E. THOMPSON
LAUREN M. KESSLER
Orrick, Herrington & Sutcliffe LLP

By:        /s/ Robert S. Shwarts
ROBERT S. SHWARTS
Attorneys for Plaintiffs