UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUNERA LIGHTING, INC.,<br><br>Defendant. | Case No. 18-cv-05091-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Docket No. 36 |

Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd. and Green Deal, Ltd. (collectively "Plaintiffs") bring this breach of contract action against Defendant Lunera Lighting, Inc. ("Lunera") over allegedly unpaid-for products. The parties have stipulated to arbitrate the claims set forth in the complaint before JAMS Mediation, Arbitration, and ADR Services ("JAMS"), pursuant to the arbitration clause in their contract. *See* Docket No. 26. Plaintiffs separately filed a motion for a writ of attachment on Lunera's corporate property to allow Plaintiffs to recover on any award they obtain from arbitration. *See* Docket No. 11. Plaintiffs asked the Court to rule on this motion instead of the arbitrator. On November 8, 2018, the Court denied Plaintiffs' motion under *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999), which instructs that it is inappropriate for a district court to grant provisional relief to a party to a broad arbitration agreement where provisional relief is available from the arbitrator. *See* Docket No. 33 ("Order").

However, the Order also permitted Plaintiffs to move for leave to file a motion for reconsideration if they "locate[] any authority indicating that a writ of attachment issued by the arbitrator would not be enforceable." *Id.* Plaintiffs have filed such a motion, which is currently

1    pending before the Court. *See* Docket No. 36 ("Mot."). For the reasons discussed below,

2    Plaintiffs' motion for reconsideration is **DENIED**.

### I. <u>DISCUSSION</u>

Plaintiffs contend that reconsideration is warranted because they "have found authority indicating that a writ of attachment issued by the arbitrator would not be enforceable." Mot. at 2. This authority consists primarily of provisions of the California Code of Civil Procedure and the Ninth Circuit's decision in *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000). *See* Mot. at 2–4. These authorities do not change the analysis in the Court's Order.

"District courts within the Ninth Circuit have consistently followed [*Simula*'s] holding" that "once a court determines that all disputes are subject to arbitration pursuant to a binding arbitration clause, it is improper for a district court to grant preliminary relief where *provisional relief is available from an arbitral tribunal.*" *Greenpoint Technologies, Inc. v. Peridot Associated S.A.*, No. C08-1828 RSM, 2009 WL 674630, at *3 (W.D. Wash. Mar. 11, 2009) (emphasis in original) (citing *Simula*, 175 F.3d at 726). In this case, the breach of contract claim underlying Plaintiffs' motion for a writ of attachment is squarely covered by the arbitration clause in the contract between Super Lighting and Lunera. *See* Docket No. 1, Exh. A § 12.9 (providing that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement . . . will be referred to and finally determined by arbitration in accordance with the JAMS International Arbitration Rules."). Moreover, the JAMS rules authorize the arbitral tribunal to grant "interim relief" such as "measures for the protection or conservation of property, including, at the Tribunal's discretion, measures to secure the payment of any award that might be rendered." JAMS International Arbitration Rule 32.1. Thus, under *Simula*, the proper authority to adjudicate Plaintiffs' motion for a writ of attachment is the JAMS arbitral tribunal. *See Simula*, 175 F.3d at 726; Order.

*Simula* left open the possibility that a party can still apply to a court for provisional relief if that relief is not "available" from the arbitrator. 175 F.3d at 725. Plaintiffs contend that their request for a writ of attachment falls within this exception because (1) California law "does not provide an arbitrator with the power to enforce an award," and (2) "JAMS' International

2

Arbitration Rules . . . provide no enforcement powers or mechanisms at all." Mot. at 3. Plaintiffs point to California Code of Civil Procedure, which provides that an arbitration "award that has not been confirmed or vacated has the same force and effect as a contract in writing," whereas a judgment entered in conformity with an award confirmed by a court "has the same force and effect as . . . a judgment in a civil action." Cal. Civ. Proc. Code §§ 1287.4, 1287.6. They also reference JAMS International Arbitration Rule 32.3, which provides: "A request for interim measures addressed by a party to a judicial authority will not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate." In essence, Plaintiffs argue that an arbitrator's award of interim relief is ineffectual because it is not self-executing, and must be confirmed by a court to be fully enforceable. This argument is unpersuasive for several reasons.

First, Plaintiffs and Lunera through their contract have agreed to be bound by any arbitral ruling. *See CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, No. 12 CIV. 8087 CM, 2012 WL 6178236, at *3 (S.D.N.Y. Dec. 10, 2012) ("It lay with the parties to confer on the arbitrator whatever powers they wished. Having adopted rules that allowed the arbitrator to award interim security, Respondents are bound by their bargain."). Should Lunera refuse to comply with an order from the arbitrator granting a writ of attachment, requiring this Court to step in and confirm the award,[1] Plaintiffs can seek expedited relief from this Court; judicial review of the award would be "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *see id.* (an arbitration award would be "vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law'").

---

[1] As Lunera points out, Plaintiffs' motion for a writ of attachment did not ask for any of Lunera's property to be seized, but rather requested only a "Writ of Attachment against Lunera's corporate property in the amount of $9,995,876.43." Docket No. 11 at 9. Without a specific order directing the attached property to be seized, a writ of attachment simply "creates an attachment lien on the property." Cal. Civ. Proc. Code § 488.500(a); *see id.* § 482.080 ("If a writ of attachment is issued, the court may also issue an order directing the defendant to transfer to the levying officer" the property or documentary evidence of title to the property.). "[T]he attachment creditor has no right to proceed against the property until after the creditor obtains a judgment," so "an attachment lien acts as a placemarker, ensuring the creditor's spot in the priority line until the creditor can obtain judgment." *In re S. California Plastics, Inc.*, 165 F.3d 1243, 1246 (9th Cir. 1999) (citations omitted). Thus, it is not clear how Lunera could refuse compliance with an arbitration award creating an attachment lien such that this Court would be called upon to enforce the award.

3

Second, Plaintiffs' interpretation of the *Simula* exception would swallow the rule. If a request for interim relief can be directed to a court merely because interim relief awarded by an arbitrator requires court confirmation, then every party could easily circumvent arbitration when seeking interim relief despite *Simula*, since all arbitration awards must be confirmed to be fully enforceable. *See* 9 U.S.C. § 13.

Third, JAMS International Arbitration Rule 32.3 does not, as Plaintiffs claim, allow a party to an arbitration agreement to seek interim relief from a court "because [JAMS] recognizes its own inherent lack of enforcement power." Mot. at 3. The plain language of Rule 32.3 states simply that a party does not waive its right to arbitrate by applying for interim relief from a court. It does not say that any interim relief ordered by a JAMS arbitral tribunal would be ineffectual. Moreover, courts have declined to adjudicate applications for interim relief even where the relevant arbitration rules contain provisions substantively identical to Rule 32.3. These courts reasoned that "it is best not to carve out interim relief from the issues the arbitrator will decide, even though . . . the [Arbitration] Rules would allow this Court to do so." *DHL Info. Servs. (Americas), Inc. v. Infinite Software Corp.*, 502 F. Supp. 2d 1082, 1083 (C.D. Cal. 2007); *see also Ever-Gotesco Res. & Holdings, Inc. v. PriceSmart, Inc.*, 192 F. Supp. 2d 1040, 1043 (S.D. Cal. 2002); *A & C Disc. Pharmacy, L.L.C. v. Caremark, L.L.C.*, No. 3:16-CV-0264-D, 2016 WL 3476970, at *3 n.3, *6 (N.D. Tex. June 27, 2016).

Finally, Plaintiffs' attempt to limit the application of *Simula* to this case by invoking the choice-of-law provision in their contract is unavailing. The choice-of-law provision specifies that the contract "shall be governed by and construed in accordance with California law without regard to any conflict of law principles." Docket No. 1, Exh. A § 12.9. But federal law "governs the allocation of authority between courts and arbitrators." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). Parties may agree to state (as opposed to federal) law rules for arbitration only where they "evidence a 'clear intent' to incorporate state law rules *for arbitration.*" *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004) (emphasis added) (quoting *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002)). The choice-of-law provision here fails to evidence the requisite "clear intent" to incorporate state

4

law rules for arbitration, and so must be interpreted "as simply supplying state substantive, decisional law." *Sovak*, 280 F.3d at 1270; *see Fid. Fed. Bank*, 386 F.3d at 1311−12 (finding no "clear intent" to incorporate California arbitration rules in arbitration clause providing that disputes were to be resolved "in accordance with the laws of the State of California and the rules of the American Arbitration Association"). *Simula* applies.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a motion for reconsideration is **DENIED**.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED**.

Dated: November 28, 2018

_____
EDWARD M. CHEN
United States District Judge