# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** December 17, 2019    **Time:** 11:34-12:09 =    **Judge:** EDWARD M. CHEN
                                35 Minutes

**Case No.**: 18-cv-05091-EMC    **Case Name:** Jiaxing Super Lighting Electric Appliance Co., LTD v. Lunera Lighting, Inc.

**Attorneys for Plaintiff:** Ron Oliner, Rick Tan
**Attorneys for Defendant:** Rajiv Dharnidharka, Bill Frimel
**Also Present:** Steve Wesley

**Deputy Clerk:** Angella Meuleman    **Court Reporter:** Ruth Ekhaus

### PROCEEDINGS

[65] Motion to Withdraw – held;
[78] Joint Discovery Letter Brief – held;
[79] Motion for Judgment Debtor Exam – held.

### SUMMARY

Parties stated appearances and proffered argument.

### DLA Piper's Motion to Withdraw

DLA Piper represented to the Court that it filed a motion to withdraw as counsel because its client, Defendant Lunera Lighting, Inc., has dissolved and will no longer pay legal fees. DLA Piper's position is that Plaintiff Jiaxing Super Lighting's only recourse, in light of the dissolution and pursuant to 8 Del. C. § 279, is to file an application for appointment of a receiver/trustee with the Delaware Court of Chancery because all of Lunera's officers and directors have resigned.

Super Lighting disputed that Delaware law mandates the appointment of a receiver or trustee; instead, it argued that 8 Del. C. § 278 makes it clear that such appointment is permissive so long as the dissolution is within the last three years.

While the Court recognizes the distinction between §§ 278 and 279 as discussed in *In re Krafft-Murphy Co., Inc*, 82 A.3d 696, 703 (Del. 2013), there is no person whom the Court can compel to respond to discovery or attend for Super Lighting in an examination of judgment debtor. Super Lighting suggested that Steve Wesley, one of Lunera's former directors, could serve as a receiver.

However, the Court finds that § 279 appears to require an appointment by the Delaware courts. *John Julian Const. Co. v. Monarch Builders, Inc.,* 324 A.2d 208, 211 (Del. 1974) ("the Court of Chancery [has] exclusive jurisdiction over matters pertaining to § 281 trustees"). Accordingly, DLA Piper's motion to withdraw as counsel is **GRANTED** because it no longer has a client to represent and is no longer receiving legal fees.

The Court orders DLA Piper to serve in the limited role of forwarding any court pleadings to the six signatories of Lunera's Certificate of Dissolution at Docket No. 65-2 at 3. DLA Piper's role in passing this information will not deem the notice served, nor will DLA Piper be held as an agent; its obligation is simply a courtesy to forward the notice(s) to the six individuals' last-known addresses.

**Super Lighting's Outstanding Discovery and Application for Examination**
Counsel for Super Lighting, Greenberg Traurig, propounded post-judgment discovery on Lunera via DLA Piper before it properly substituted into this case. The discovery will be deemed issued *nunc pro tunc*. Its substitution subsequent to promulgation of discovery is immaterial. However, that discovery remains unserved in light of Lunera's dissolution. For the same reason, the Court will not issue Super Lighting's tendered order for examination of debtor.

Accordingly, Super Lighting's request to compel post-judgment discovery and its application for examination of a judgment debtor is **DENIED without prejudice**.

This order disposes of Docket Nos. 65, 78 and 79.