UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAXING SUPER LIGHTING ELECTRIC APPLIANCE CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUNERA LIGHTING, INC.,<br><br>Defendant. | Case No. 18-cv-05091-EMC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 150 |

Super Lighting and John Bruggeman have filed a joint discovery letter brief concerning Bruggeman's assertions of privilege and confidentiality. ECF No. 150. The Court orders as follows:

1. Bruggeman cannot use his Non-Disclosure Agreement ("NDA") to avoid producing documents or answering questions in a deposition. The law imposes obligations on private parties concerning documents they must produce and testimony they must provide, and private parties cannot enter into contracts with each other to avoid these legal obligations. To protect the confidentiality of Bruggeman's testimony and the materials in his possession, custody or control, the Court will enter a protective order that will limit who may have access to his documents and testimony.

2. For the time being, the Court will not decide whether Lunera no longer possesses any claim of attorney-client privilege due to the company being out of business. As of now, no proper assertion of privilege has yet been made because every entry in the privilege log says "Confidential trade secret and proprietary information subject to a nondisclosure agreement," which is not an invocation of attorney-client privilege. In his forthcoming document production, Bruggeman may redact entries constituting true attorney-client privileged communications (as the

law defines the privilege, not as the NDO defines confidentiality) and serve an amended privilege log. It may be that if these redactions are minimal, Super Lighting won't care about them. Super Lighting is free to challenge any of those redactions, including asserting again its argument that the privilege no longer exists at all.

3. The Court also allows true trade secret redactions (again, as the law defines trade secrets, not as the NDO defines confidentiality), together with an amended log. Super Lighting is free to challenge any of those redactions too.

4. The Court orders Super Lighting and Bruggeman to meet and confer and within seven days to file either a stipulated proposed protective order or competing orders with a joint discovery letter brief discussing each side's proposal. The Court encourages Super Lighting and Bruggeman to use one of the District's model orders.

5. As of this writing, Bruggeman's counsel do not appear on the Court's docket. Accordingly, the Court orders Super Lighting to email this order to Bruggeman's counsel.

6. If further disputes arise, Super Lighting or Bruggeman shall either inform the Courtroom Deputy or file another joint discovery letter brief.

**IT IS SO ORDERED.**

Dated: May 28, 2021

THOMAS S. HIXSON
United States Magistrate Judge